# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In re: RYAN COLE and SARAH COLE, | § § § | Case No. 24-40647<br>Chapter 7 |
| Debtors. | § | |
| | § | |
| LIONSCOVE FUND I, LLC f/k/a DML CAPITAL MORTGAGE FUND LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 24-04041 |
| RYAN COLE and SARAH COLE, | § § § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT EXCEPTING TO DISCHARGE OF DEBTORS PURSUANT TO 11 U.S.C. § 523

**COMES NOW**, Lionscove Fund I, LLC f/k/a DML Capital Mortgage Fund LLC ("Lionscove" or "Plaintiff"), creditor and party in interest herein, and files this Original Complaint Excepting to Discharge of Debtors Pursuant to 11 U.S.C. § 523, and in support thereof would respectfully show the Court as follows:

### I.  JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I)-(J).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Fed. R. Bankr. P. 7008, Plaintiff consents to entry of final orders and judgments by this Court.

## II. PARTIES

4. Plaintiff is a Delaware limited liability company that may be served through its counsel of record in this adversary proceeding.

5. Defendant Ryan Cole ("Mr. Cole") is an individual who resides in Texas and he may be served with process at 6624 Eastview, Sachse, Texas 75048 or at any other place where he may be found. Summons is requested.

6. Defendant Sarah Cole ("Mrs. Cole") is an individual who resides in Texas and she may be served with process at 6624 Eastview, Sachse, Texas 75048 or at any other place where she may be found. Summons is requested.

## III. FACTUAL BACKGROUND

7. On or about May 23, 2022, Mr. Cole, as the owner of Paramount Real Estate Holdings VI, LLC ("Paramount") sought and obtained from Plaintiff a short-term loan and executed a Secured Note in the principle amount of $318,450.00, payable to Plaintiff at an annual interest rate of 20% ("Note"), which was to be secured with the real property and improvements commonly know as 1301 1st Street, Kennett, Missouri 63857 ("Property"). The maturity date of the Note was June 1, 2022. Per the terms of the Note, Paramount agreed to make a balloon payment of all unpaid principal, interest, charges, fees, costs and any other amounts due under the loan on the maturity date. Mr. Cole signed the Note as the corporate representative and owner of Paramount.

8. On the same day, Paramount also executed a Loan and Security Agreement ("Security Agreement" and with the Note, the "Loan") granting Plaintiff a lien on the Property to secure the full and timely payment and performance of the obligations under the Note. Mr. Cole falsely represented to Plaintiff that Paramount was the title owner of the Property. Mr. Cole signed the Note as the corporate representative and owner of Paramount. On the same date, Mr. Cole executed a Guaranty

by which he personally guaranteed full performance and payment of the Loan.

9. The Loan matured as of June 1, 2022 and no payments were made. The Loan and Guaranty remain in default. Upon Paramount's failure to timely satisfy the amounts unpaid, Plaintiff exercised its rights under the Loan and demanded full payment from Paramount and Mr. Cole. Plaintiff retained the law firm of Marinosci Law Group, P.C. ("Marinosci") to pursue collection including foreclosing the Property which secured the Loan. As part of the initial review, Marinosci researched the title and ownership of the Property. The deed records reflected that neither Paramount nor Mr. Cole owned the Property. The title history reflected that the Property was owned by Billionaires Funding Group, LLC in January 11, 2020, and conveyed to Mainstreet Healthventures, LLC on March 1, 2023.

10. Due to the false representations of Mr. Cole, Plaintiff is now prevented from exercising its rights to foreclose the Property. Because Mr. Cole obtained the proceeds of the Loan from Plaintiff by false representations, and fraud, Plaintiff brings this action excepting to Defendants' discharge of Plaintiff's debt pursuant to Section 523 of the Bankruptcy Code.

## IV.     CAUSES OF ACTION

### A.     Count One: Exception to Discharge Under 11 U.S.C. § 523(a)(2)(A)

11. Under Section 523(a)(2)(A), a debtor is not discharged from a debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud.

12. A cause of action for false representations exists when (1) a debtor makes a false representation, (2) that the debtor knew was false, (3) made in representation with the intent to deceive the creditor, (4) when the creditor actually justifiably relied on the representation and (5) the creditor suffered a sustained loss as a proximate result. *Bell Nunnally & Martin LLP v. Kuper* (In re Kuper),

Nos. 20-41569-ELM, 20-04062, 2023 Bankr. LEXIS 2556, at *36 (Bankr. N.D. Tex. Oct. 17, 2023).

13. In relation to the making of a false representation, a representation by someone other than the debtor may be imputed to the debtor if the non-debtor party was an agent of the debtor at the time of the representation and was made within the scope of authority granted by the debtor to the non-debtor party. *Id.* at *37. Mr. Cole made false representations as an agent and corporate representative of Paramount. Accordingly, Paramount's false representations are imputed to Mr. Cole.

14. Intent to deceive means that the debtor intended or at least had reason to expect a creditor to act, or refrain from action, in reliance upon the debtor's representation. Intent may be inferred from a reckless disregard for the truth or falsity of the statement combined with the sheer magnitude of resulting misrepresentation. *Id.* Reliance is justifiable if the existence of the intention is material and the recipient has reason to believe that it will be carried out.

15. Mr. Cole falsely represented to Plaintiff that he was the title owner of the Property knowing this was false and with the intention of not fulfilling his promise to secure the debt. Mr. Cole knew this representation was false and made it in order to deceive Plaintiff into approving the Loan and disbursing the funds to him. Plaintiff justifiably relief on these false representations made by Mr. Cole and sustained considerable losses as a proximate result by being prevented from foreclosing the Property.

16. In the alternative, Mr. Cole made these false representations with a reckless disregard of the truth since it was reasonable for him to know that there was no deed transferring title to him. Therefore, it was reasonable for Mr. Cole to know that he was not the title owner of the Property.

17. Pursuant to 11 U.S.C. § 523 (a)(2)(A), this Court should exempt Plaintiff's debt against Defendants from their discharge, if any, provided in Defendants' underlying bankruptcy case.

### B. Attorney's Fees

18. Defendant's default has made it necessary to employ the undersigned counsel to file this suit to enforce the Loan in this bankruptcy proceeding affecting its rights under the Security Agreement. Plaintiff is entitled to recover its attorney's fees as requested herein.

**WHEREFORE**, Plaintiff respectfully requests the Court enter a judgment in favor of SML exempting DML's debt against Defendants from discharge, if any, provided in Defendants' underlying bankruptcy case and award such other and further relief, whether at law or in equity, it which DML may be justly entitled.

Respectfully submitted,

*/s/ Mark D. Cronenwett*
**Mark D. Cronenwett**
State Bar No. 00787303
mark.cronenwett@lewisbrisbois.com
**Vivian N. Lopez**
State Bar No. 24129029
vivian.lopez@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7100
Facsimile: (214) 722-7111

**ATTORNEYS FOR DML CAPITAL MORTGAGE FUND, LLC**